# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 5, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| RUSELL BLENDER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1308V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Interim Attorneys' Fees and Costs. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Amber D. Wilson, Wilson Science Law, Washington, DC, for petitioner.
Althea W. Davis, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 11, 2016, Rusell Blender ("petitioner") filed a petition in the National Vaccine Injury Program.[2] Petitioner alleges he suffers from polyneuropathy as a result of an influenza ("flu") vaccine administered on November 4, 2013, and a pneumococcal conjugate ("Prevnar 13") vaccine administered on November 14, 2013. Petition at 1-2.

On June 1, 2020, petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the current and former attorneys and paralegals who worked on the case. Petitioner's Motion for Interim Fees and Costs ("Pet. Mot."), filed June 1, 2020 (ECF No.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

81).  Petitioner's request, divided between two separate law firms, can be summarized as follows:

**Maglio Christopher & Toale**[3]

Fees – $54,364.40
Costs – $8,723.76

**Wilson Science Law**

Fees – $25,221.00
Costs – $6,300.00

Petitioner thus requests $79,585.40 in fees and $15,023.76 in costs, for a total of $94,609.16.  Respondent filed his response on June 22, 2020, stating that "respondent respectfully recommends that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's Response to Pet. Mot. ("Resp. Response"), filed June 22, 2020, at 4 (ECF No. 83).

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned **GRANTS IN PART** petitioner's motion and awards **$90,415.04** in attorneys' fees and costs.

I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis.  Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

---

[3] Petitioner's motion for attorneys' fees and costs states petitioner's former firm, Maglio Christopher & Toale, incurred attorneys' fees in the amount of $85,176.50.  Pet. Mot. at 1.  However, an exhibit attached to the motion shows Maglio Christopher & Toale incurred $54,364.40 of attorneys' fees.  Petitioner's Exhibit ("Pet. Ex.") 53 at 26.

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

Here, petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**Ms. Wilson – Attorney**
    2016: $301.00
    2017-2018: $308.00
    2019: $323.00
    2020: $345.00

**Ms. Stadelnikas – Attorney**
    2016: $359.00

**Ms. Toale – Attorney**
  2019: $420.00

**Paralegals (Maglio Christopher & Toale)**
  2016: $135.00
  2017: $145.00
  2018: $148.00
  2019: $154.00

**Paralegal (Wilson Science Law)**
  2020: $150.00

### 1. Hourly Rates: Ms. Wilson[4]

For work performed in 2016 and 2017, petitioner requests the rate of $301.00 and $308.00 respectively, for attorney Amber Wilson. The undersigned finds the appropriate hourly rates for Ms. Wilson's work performed in 2016 is $275.00 and in 2017 is $290.00. The reduced rate is consistent with past decisions from other special masters. See McCosh v. Sec'y of Health & Hum. Servs., No. 14-1089V, 2016 WL 8376852 (Fed. Cl. Spec. Mstr. Nov. 7, 2016); Kaufman v. Sec'y of Health & Hum. Servs., No. 15-1045V, 2016 WL 8347656 (Fed. Cl. Spec. Mstr. Nov. 7, 2016); Noblett v. Sec'y of Health & Hum. Servs., No. 14-969V, 2017 WL 3033932, at *2 (Fed. Cl. Spec. Mstr. June 15, 2017). In 2016, Ms. Wilson billed 9.1 hours, so this change results in a reduction of $236.60. In 2017, Ms. Wilson billed 24 hours, so this change results in a reduction of $432.00. Petitioner also requests $308.00 for work performed in 2018, $323.00 for work performed in 2019, and $345.00 for work performed in 2020. These rates have been previously awarded to Ms. Wilson and are awarded in full herein. See Waldorf v. Sec'y of Health & Hum. Servs., No. 17-0758V, 2019 WL 1796137, at *2 (Fed. Cl. Spec. Mstr. Mar. 6, 2019); Raymer v. Sec'y of Health & Hum. Servs., No. 17-590V, 2020 WL 3619511, at *2 (Fed. Cl. Spec. Mstr. June 12, 2020). Therefore, the total reduction of Ms. Wilson's rate is $668.60.

### 2. Hourly Rates: Ms. Stadelnikas, Ms. Toale, and Paralegals

Petitioner additionally requests compensation for two attorneys (Ms. Stadelnikas and Ms. Toale) and seven paralegals. Ms. Stadelnikas performed work in 2016 at a rate of $359.00 and Ms. Toale performed work in 2019 at a rate of $420.00. These rates are reasonable and have previously been awarded. See Perez v. Sec'y of Health & Hum. Servs., No. 10–659V, 2016 WL 8077957 (Fed. Cl. Spec. Mstr. Dec. 30, 2016); Shock v. Sec'y of Health & Hum. Servs., No. 15-1328V, 2017 WL 1435887, at *1 (Fed. Cl. Spec. Mstr. Mar. 29, 2017); Reed v. Sec'y of Health & Hum. Servs., No. 08-650V, 2019 WL 2500417, at *3 (Fed. Cl. Spec. Mstr. May 21, 2019). Therefore, the undersigned will award these rates in full. Similarly, all paralegal rates are reasonable and are awarded in full. With the exception of one paralegal who billed at a 2017 rate on December 22, 2016. Pet. Ex. 53 at 5. The incorrect billing rate results in a reduction of $2.00.

---

[4] During this case, Ms. Wilson worked at Maglio Christopher & Toale from 2016-2019. In 2020, Ms. Wilson began working at Wilson Science Law.

4

### B. Reduction of Billable Hours

#### 1. Maglio Christopher & Toale

While petitioner is entitled to an award of attorneys' fees and costs, the undersigned has determined that a reduction in the number of hours billed by petitioner's counsel is appropriate for the hours billed.

The undersigned and her fellow special masters have previously emphasized the inefficiency that results when multiple attorneys work on one case. See Sabella, 86 Fed. Cl. at 214-15 (affirming a special master's reduction of fees for overstaffing where three attorneys from two different firms worked on the same case); Van Vessem v. Sec'y of Health & Hum. Servs., No. 11-132V, 2018 WL 3989517, at *7 (Fed. Cl. Spec. Mstr. July 3, 2018) (finding that "it is not reasonable for both an attorney and a paralegal to bill for reviewing each filing in the case"). Such inefficiency is evident in this case. Over the course of this litigation, 3 attorneys and 8 paralegals have billed their time. See generally Pet. Exs. 52-53. As a result, the firms billed considerable time for inter-office meetings, intra-office meetings, and other inefficiencies. See, e.g., Pet. Ex. 53 at 4 (both attorney and paralegal billing time for reviewing initial order); Pet. Ex. 53 at 7 (both attorney and paralegal billing time for reviewing the same scheduling order).

The undersigned also observed a number of entries related to administrative tasks. Billing for administrative tasks, even at a paralegal rate, is not permitted. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); see also Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing "reviewing invoices, setting up meetings, and making travel arrangements" as examples of administrative tasks).

Additionally, the undersigned notes that many of the fee entries are crossed out or left blank. Reducing the total fees requested by the firm by such entries creates an actual total of $53,513.00 for attorneys' fees. This amounts to a reduction of $851.40.

For these reasons stated above, the undersigned will also decrease the requested attorneys' fees by 5%. The reduction due to the blank and crossed out fees entries totaling $851.40, combined with the $668.60 from Ms. Wilson's reduced 2016 and 2017 rates, and the $2.00 from the paralegal fees creates a total of $1,522.00—leaving petitioner with $52,842.40 of attorney's fees. Therefore, petitioner is entitled to attorneys' fees of $50,200.28.[5]

#### 2. Wilson Science Law

Upon review of the billing records submitted, it appears that two entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be

---

[5] The reduction is calculated as follows: $52,842.40 x 0.05 = $2,642.12.

considered as normal overhead office costs included within the attorneys' fee rates." Rochester, 18 Cl. Ct. at 387; Dingle v. Sec'y of Health & Hum. Servs., No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). A total of .2 hours was billed by a paralegal on tasks considered administrative, including finalizing correspondence and updating contact information. Pet. Ex. 52 at 1. The undersigned reduces the request for attorney fees by $30.00, the total amount of entries considered administrative.

## C.  Attorneys' Costs

### 1.  Expert Fees

Petitioner requests $12,300.00 for work performed by Dr. Enrique Aradillas, what was a total of 20.5 hours, billed at an hourly rate of $600.00. Pet. Ex. 52 at 7; Pet. Ex. 53 at 70. Dr. Aradillas provided one expert report for the firm, Maglio Christopher & Toale, and another expert report for the firm, Wilson Science Law. Dr. Aradillas has previously been awarded the $600 hourly rate in the Vaccine Program. See Anthony v. Sec'y of Health & Hum. Servs., No. 15-636V, 2017 WL 4898932, at *1 (Fed. Cl. Spec. Mstr. Oct. 6, 2017). For reasons set forth in petitioner's Memorandum in Support of Billed Expert Rates, the undersigned finds Dr. Aradillas rate of $600.00 reasonable and awards it in full. Pet. Ex. 54 at 1-8.

Petitioner requests $1,500.00 for work performed by Dr. Raji Grewal, what was a total of 3 hours, billed at an hourly rate of $500.00. Pet. Ex. 53 at 61. Dr. Grewal has previously provided expert reports for the Vaccine Program. See Sauer v. Sec'y of Health & Hum. Servs., No. 17-780V, 2019 WL 4302891, at *3 (Fed. Cl. Spec. Mstr. Aug. 27, 2019); Solomon v. Sec'y of Health & Hum. Servs., No. 14-0748V, 2016 WL 8257673, at *8 (Fed. Cl. Spec. Mstr. Oct. 27, 2016). The undersigned finds Dr. Grewal's costs reasonable and awards them in full.

### 2.  Miscellaneous Costs

Petitioner requests $1,223.76 to cover his attorneys' other miscellaneous expenses at the firm Maglio Christopher & Toale, including the filing fee, payment for medical records, payment for research on Pacer, travel costs for Ms. Wilson, medical literature, and other expenses. Pet. Ex. 53 at 28-71. The undersigned finds these costs reasonable and well-documented, and she will award them in full.

## II.  CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and his counsel as follows:

**Attorneys' Fees – Maglio Christopher & Toale**

| | |
|---|---|
| Requested Attorneys' Fees: | $ 54,364.40 |
| Reduction of Attorneys' Fees (Hourly Rate Reduction): | - ($ 1,522.00) |
| Reduction in Attorneys' Fees (5% Reduction): | - ($ 2,642.12) |
| Awarded Attorneys' Fees: | $ 50,200.28 |

**Attorneys' Fees – Wilson Science Law**

| | |
|---|---|
| Requested Attorneys' Fees: | $ 25,221.00 |
| Reduction of Attorneys' Fees: | - ($ 30.00) |
| Awarded Attorneys' Fees: | $ 25,191.00 |

**Costs – Maglio Christopher & Toale**

| | |
|---|---|
| Requested Attorneys' Costs: | $ 8,723.76 |
| Awarded Attorneys' Costs: | $ 8,723.76 |

**Costs – Wilson Science Law**

| | |
|---|---|
| Requested Attorneys' Costs: | $ 6,300.00 |
| Awarded Attorneys' Costs: | $ 6,300.00 |

**Total Interim Attorneys' Fees and Costs:** **$ 90,415.04**

**Accordingly, the undersigned awards:**

**(1) A lump sum in the amount of $31,491.00, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Ms. Amber Wilson.**

**(2) A lump sum in the amount of $58,924.04, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's former firm, Maglio Christopher & Toale, PA.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[6]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.